UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16CV601

| | |
|---|---|
| **ROBIN DENISE MALKER,** | ) |
| Plaintiff, | ) |
| Vs. | ) ORDER |
| **NANCY A. BERRYHILL, Acting Commissioner of Social Security,** | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court upon Plaintiff's Motion for Summary Judgment and the Commissioner's Motion for Summary Judgment. Having carefully considered such motions and reviewed the pleadings, the Court enters the following findings, conclusions, and Order.

I.  **Administrative History**

Plaintiff filed an application for a period of disability and Disability Insurance Benefits. Plaintiff's claim was denied both initially and on reconsideration; thereafter, Plaintiff requested and was granted a hearing before an administrative law judge ("ALJ"). After conducting a hearing, the ALJ issued a decision which was unfavorable to Plaintiff, from which Plaintiff appealed to the Appeals Council. Plaintiff's request for review was denied and the ALJ's decision affirmed by the

Appeals Council, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). Thereafter, Plaintiff timely filed this action.

## II. Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, *Smith v. Schwieker*, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, *supra*. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. *Hays v. Sullivan*, *supra*.

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title II pursuant to the following five-step analysis:

(1) Whether the claimant is engaged in substantial gainful activity;

(2) Whether the claimant has a severe medically determinable impairment, or a combination of impairments that is severe;

(3) Whether the claimant's impairment or combination of impairments meets or medically equals one of the Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1;

(4) Whether the claimant has the residual functional capacity ("RFC") to perform the requirements of his past relevant work; and

(5) Whether the claimant is able to do any other work, considering his RFC, age, education, and work experience.

20 C.F.R. §§ 404.1520(a)(4)(i-v). In this case, the Commissioner determined Plaintiff's claim at the fifth step of the sequential evaluation process.

## III. Factual Background

In rendering his decision, the ALJ found the Plaintiff had not engaged in substantial gainful activity since May 18, 2012, her alleged onset date (Tr. 22). At the second step, the ALJ found the Plaintiff had the following severe impairments: diabetes, peripheral neuropathy, obesity, diabetic retinopathy, and cataracts (Tr. 22). At step three, the ALJ found the Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 23).

The ALJ then found that the Plaintiff had the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b) except that she was limited to occasional crawling, stooping, kneeling, crouching and climbing ramps or stairs and to never climbing ladders, ropes or scaffolds. Additionally, the Plaintiff could frequently reach, handle and finger bilaterally and must avoid hazards such as moving machinery, unprotected heights and slippery/uneven surfaces. Further, the Plaintiff was limited to jobs [not] requiring the ability to read fine print and the work had to be in a low stress job defined as requiring only occasional decision –making and occasional changes in the work setting (Tr. 23). At step four, the ALJ found the Plaintiff was unable to perform any of her past relevant work as a machine operator and group home counselor because the demands of this work exceeded her RFC (Tr. 27, 68).

At step five, based on the testimony of a vocational expert, the ALJ found that considering the Plaintiff's age education, work experience, and RFC, the Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy (Tr. 28). Consequently, the ALJ issued an unfavorable decision finding Plaintiff not disabled from May 18, 2012, her amended alleged onset date, through July 6, 2015, the date of the ALJ's decision (Tr. 29).

## IV. DISCUSSION

Plaintiff argues, *inter alia*, that the ALJ failed to properly weigh her treating physician's opinions. A treating physician is a physician who has observed the plaintiff's condition over a prolonged period of time. *Mitchell v. Schweiker*, 699 F.2d 185, 187 (4th Cir. 1983). The opinion of a treating physician is entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques," and is not inconsistent with other substantial evidence. 20 C.F.R. § 404.1527(c)(2). When a treating physician's opinion does not merit controlling weight, the ALJ evaluates the opinion using the following factors: "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." *Johnson v. Barnhart*, 434 F.3d 650, 654 (4th Cir. 2005) (*per curiam*) (citing 20 C.F.R. § 404.1527). Where an ALJ declines to give controlling weight to a treating source opinion, he must "give good reasons in his ... decision for the weight" assigned, taking the above factors into account. 20 C.F.R. § 416.927(c)(2); *Perry v. Berryhill*, 2017 WL 3602019, *4 (M.D.N.C. Aug. 21, 2017). "This requires the ALJ to provide sufficient explanation for 'meaningful

review' by the courts." *Thompson v. Colvin*, No. 1:09CV278, 2014 WL 185218, at *5 (M.D.N.C. Jan. 15, 2014) (quotations omitted).

The ALJ rejected and gave "little weight" to the medical source opinion statements in the record from Malker's treating physicians, Drs. Shirley Ocloo and Dorothy Kodzwa. Dr. Ocloo is the Plaintiff's primary care provider, who noted that Malker's diabetes is very poorly controlled, that she has severe neuropathy, vision problems, poor wound healing and joint pain. (Tr. 1756). In fact, Dr. Ocloo noted that Plaintiff's blood sugar was so high that it usually does not register on their instruments, and that Plaintiff was in need of an insulin pump, but could not get one without some means of payment. *Id*. Dr. Ocloo opined that Plaintiff was unable to work on a sustained, regular basis due to her symptoms. (Tr. 1757).

In assigning "little weight" to Dr. Ocloo's opinion, the ALJ stated that it was "too extreme, without sufficient function-by-function analysis" and was "not consistent with the longitudinal evidence." (Tr. 26). He noted that the record suggested "improvement in diabetic control when compliant" and "limited evidence of neuropathy." *Id*. The ALJ failed to mention evidence in the record supporting a worsening of impairments, such as diminished sensation to monofilament and the development of chronic ulcers on Malker's feet.

Dr. Kodzwa is Plaintiff's endocrinologist who had seen Plaintiff for over a year. She opined that Plaintiff's diabetes was "fairly difficult to control with her having significant elevations in her blood sugars that have caused hospitalization." (Tr. 1262). Dr. Kodzwa also noted that Plaintiff had "a great deal of difficulty with walking" due to neuropathy, and had difficulty "walking any distances." *Id*. She indicated that Plaintiff's wide fluctuations in blood sugars "are somewhat hard to predict." *Id*.

The ALJ likewise gave "little weight" to this specialist's opinion because "[t]he opinion failed to provide an adequate function-by-function analysis" and was "inconsistent with the record, which shows little, if any, longstanding issues with gait." *Id*. Additionally, the ALJ noted that Plaintiff's "lack of compliance and the limited findings of neuropathy in longitudinal records diminishes the value of the opinion." *Id*. Contrary to the ALJ's statement, the record is replete with records documenting and treating Malker's neuropathy.

The ALJ failed to mention the fact that a treating physician's opinion is normally entitled to controlling weight, and made no specific findings or analysis as to whether the opinions of Drs. Ocloo and Kodzwa were "well-supported by medically acceptable clinical and laboratory diagnostic techniques," and "not inconsistent with other substantial evidence." *See* 20 C.F.R. § 404.1527(c)(2). The

ALJ fails to address the objective and clinical findings that tend to support the opinions of Malker's treating physicians. Moreover, the ALJ fails to evaluate or address any of the factors required to be taken into consideration when a treating physician's opinion is not given controlling weight and fails to provide good reasons for the assignment of "little weight" to the opinions. For example, the ALJ cites Plaintiff's "lack of compliance" but doesn't address evidence in the record that Malker could not afford treatment and was reliant on charity care.

Because the Court finds that the ALJ committed reversible error in weighing the opinions of Plaintiff's treating physicians, the Court does not reach Plaintiff's other assignments of error.

## ORDER

**IT IS, THEREFORE, ORDERED** that the decision of the Commissioner, denying the relief sought by plaintiff, is **REVERSED** and this case is **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion.

Signed: September 1, 2017

Graham C. Mullen
United States District Judge